**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-2026**

CHARLES OGBAEGBE,

Plaintiff - Appellant,

versus

HAMPTON UNIVERSITY,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Tommy E. Miller, Magistrate Judge. (CA-04-25-4)

Submitted: June 30, 2005                    Decided: July 19, 2005

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Austin Goman, Detroit, Michigan, for Appellant. Laura G. Fox, LAURA G. FOX, PLLC, Warrenton, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles I. Ogbaegbe appeals the magistrate judge's order granting the Defendant's motion for summary judgment.[*] We review de novo a district court's order granting summary judgment and view the facts in the light most favorable to the nonmoving party. Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); United States Dep't of Labor v. N.C. Growers Ass'n, 377 F.3d 345, 350 (4th Cir. 2004). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

To the extent Ogbaegbe alleges educational malpractice, that is not a cognizable cause of action in Virginia. See Sellers v. School Bd. of the City of Manassas, 960 F. Supp. 1006, 1012 (E.D. Va. 1997), aff'd, 141 F.3d 524 (4th Cir. 1998). Furthermore, no genuine issue of material fact exists to inhibit summary judgment on the breach of contract allegation. Finally, Ogbaegbe's statutory claims are barred by the applicable statute of limitations, as neither he nor his agent, attorney or representative "commenced such action or . . . filed by registered

---

[*]This case was decided by the magistrate judge upon consent of the parties under 28 U.S.C. § 636(c)(1) (2000).

mail a written statement of the nature of the claim with the potential defendant or defendants within 180 days of the occurrence of the alleged violation." Va. Code Ann. § 51.6-45(B) (Michie 2000).

Accordingly, we affirm the order of the magistrate judge.

<u>AFFIRMED</u>

- 3 -